[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Robert E. Zezzo appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff failed a chemical test of the alcohol content of his blood after having been arrested on a charge of operating a vehicle while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. CT Page 1398 The court finds in favor of the defendant commissioner.
This is the second appeal of the commissioner's decision to suspend the plaintiff's driver's license. In the decision on the first appeal, the court held that the hearing officer designated by the defendant commissioner was correct in admitting into evidence the report of the police officer who had arrested the plaintiff, including the supplement in narrative form. The court also held that there was sufficient evidence to support the hearing officer's finding that the police legally stopped the plaintiff and had probable cause to arrest him on the drunk driving charge.
This court did conclude, however, that the case should be remanded to the department for further proceedings. Specifically, the court ordered that the hearing officer further articulate his decision in two respects. First, the court ordered that the decision state findings of fact that specifically address the written reports of the plaintiff's two experts, which were admitted in evidence at the original administrative hearing. Second, the court ordered that the decision state the precise statutory basis for the suspension. The hearing officer's original decision had indicated a misunderstanding of the law that was in effect at the time the plaintiff was arrested, June 30, 1994. Subsection (h) of § 14-227b, at that time, required a finding that the level of alcohol in the plaintiff's blood exceeded the legal level at the time the plaintiff was operating the vehicle. This requirement was not finally eliminated until October 1, 1994, whenPublic Act 94-189 took effect.
In its decision remanding the case, the court did not order a new hearing; it instructed the hearing officer only to provide a new decision, one which would articulate its factual and legal basis on the points summarized above.
On July 11, 1995, without any further hearing, the hearing officer issued a modified decision in compliance with the court's order. In that decision, the hearing officer held that it is necessary to determine whether the plaintiff's alcohol level was illegally high at the CT Page 1399 time of operation. Further, he held that since the tests were commenced within two hours of operation, "extrapolation . . . is unnecessary." The court interprets the decision as finding that the alcohol level was in fact illegally high at the time of operation based on the results of tests commenced within two hours thereafter.
The hearing officer also considered the reports of the plaintiff's experts and found them to be unpersuasive as against the inference permitted by the statute.
On December 13, 1995, based on the new decision of the hearing officer, the commissioner again ordered the suspension of the plaintiff's license. It is that final decision which is the subject of this appeal.
The plaintiff advances a barrage of arguments in support of his new appeal. These are addressed separately below.
Due Process
The plaintiff argues that he was not given adequate opportunity to be heard prior to the hearing officer's modified decision in July 1995. the short answer to that is that this court's decision did not order any new hearing and did not contemplate that one would be convened. The plaintiff had already had an opportunity to be heard on the points in question and had taken full advantage of it during the original hearing. The court ordered only that the hearing officer explain more fully the factual and legal basis of his original decision. The court concludes that the plaintiff received due process of law.
Sufficiency of Evidence
The plaintiff argues that the evidence was insufficient to support the hearing officer's finding that the alcohol level was illegal at the time of operation. Specifically, he claims that his experts rebutted the inference permitted by § 14-227b(f). This court has consistently and repeatedly rejected this argument in other cases, and it is not necessary to plow that ground again. See, for example, Settani v.CT Page 1400Commissioner of Motor Vehicles, CV 96 056 59 50, judicial district of Hartford/New Britain at Hartford (January 15, 1997, Maloney, J.), and cases cited therein.
General Statutes § 4-180
The plaintiff argues that the commissioner did not act with the dispatch required by subsection (a) of § 4-180
in suspending his license after rendering the modified decision in July 1995. It is difficult to see how the plaintiff was prejudiced by the delay in imposing the penalty. Nevertheless, assuming for the sake of his argument that he was prejudiced, subsection (b) of the same statute afforded him a readily available remedy. That being so, the delay affords him no basis for appealing at this time.
Equal Protection
The plaintiff argues that the commissioner denied him equal protection of the law by suspending his license at a time when the commissioner had in place a "moratorium" on the suspensions of licenses of persons similarly situated. There is no hint even that the commissioner singled out the plaintiff for special adverse treatment because of his race, age, sex or other legally protected status. For that reason, this argument may not be sustained.
For all of the above reasons, the appeal is dismissed.
MALONEY, J.